F I L E D
CLERK OF COURT
2026 MAY -4 PM 4:08
SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0604-18** |
| | ) | CRIMINAL CASE NO. **CF0519-19** |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER GRANTING |
| **JUSTIN SABLAN BREL,** | ) | THE PEOPLE'S MOTION TO REVOKE |
| DOB: 01/13/1997 | ) | DEFENDANT'S PROBATION; |
| | ) | DENYING MOTION TO MOVE |
| Defendant. | ) | DEFENDANT TO GBHWC ANNEX |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 2, 2026, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Justin Sablan Brel's ("Defendant") Probation and Impose Jail Sentence (the "Motion"). Defendant was present in person at the hearing, represented by Attorney William Pole. The People were represented at the hearing by Assistant Attorney General Valerie Nuesa.

After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion and **DENYING** Defendant's Motion to Move him to the GBHWC Annex.

//

# PROCEDURAL AND FACTUAL BACKGROUND

## A. Defendant's Global Plea and his violations thereafter.

On August 18, 2020, the Defendant entered a global plea agreement for CF0604-18, CF0519-19 and CM0619-18, wherein he plead guilty to the following offenses: (1) for CF0604-18: Charge Seven, Count One, BURGLARY (As a 3rd Degree Felony), *as a lesser included offense* of Charge Seven, Burglary (As a 2nd Degree Felony); and, (2) for CF0519-19: CRIMINAL TRESPASS (as a Misdemeanor), *as a lesser included offense* of Charge One, Counts One and Two, BURGLARY TO A MOTOR VEHICLE (As a 2nd Degree Felony) and Charge Two, RETAIL THEFT (As a Misdemeanor). The global plea agreement also called for the dismissal of the following charges in CF604-18: Charge Seven, Count Two, BURGLARY (As a 2nd Degree Felony); Charge Eight, Counts One and Two, CRIMINAL MISCHIEF (as A misdemeanor); and Charge Nine, Counts One and Two, CRIMINAL TRESPASS (As a Petty Misdemeanor), as well as the following charges against Defendant in CM0619-18: Charge Five, DISORDERLY CONDUCT (as a Petty Misdemeanor) and Charge Six, PUBLIC DRUNKENNESS (As a Violation). *Judgment* (Sept. 21, 2020).

The Court sentenced the Defendant to five (5) years imprisonment at the Department of Corrections, Mangilao, with all but twelve (12) months suspended, with credit for time served. Additionally, the Court sentenced the Defendant to five (5) years of supervised probation. *Id.* Among the conditions of probation, notable provisions were: no contact[1] with the named Victims in this matter; attendance and participation in court-ordered counseling and treatment with Client Services and Family Counseling Division and/or Guam Behavioral Health and Wellness Center

---

[1] The "no contact" or "stay away" orders generally prohibit a defendant from coming to any contact with a named victim, both physically and other means, e.g., third-parties or social media.

("GBHWC"); reporting once a month to probation; no possession of drugs and alcohol and submitting to drug testing; obey all laws of Guam; perform one hundred (100) hours of community service and pay a fine totaling One Thousand Dollars ($1,000.00), and Eighty Dollars ($80.00) in court costs. *Plea Agreement* (Aug. 19, 2020); *Judgment* (Sept. 21, 2020).

During his term of probation, the Defendant would accrue six (6) violations of his conditions of probation, as follows:

| VIOLATION NO. | DATE OF VIOLATION | CONDITION VIOLATED |
|---|---|---|
| 1 | 5/24/2021 | Failed to obey all laws of Guam: New Case filed CM0137-20 [sic: CM0137-21]. Court did not issue a sanction or have Defendant answer to this violation. Defendant was convicted on March 28, 2022, in CM0137-21 and CF0513-21. *Judgment of Conviction* (Apr. 6, 2022). |
| 2 | 10/14/2021 | 1. Failure to attend intake and assessment appointments at CSFC on April 15, 2021 and July 27, 2021;<br>2. Failed to pay fine of $1,0000.00 and court costs of $80.00;<br>3. Failed to complete 100 h ours of community service. No hours performed. |
| 3 | 10/19/21 | Failed to obey all laws of Guam. New Case CF0513-21. Court did not issue a sanction or have Defendant answer to this violation. Defendant was convicted on March 28, 2022, in CM0137-21 and CF0513-21. *Judgment of Conviction* (Apr. 6, 2022). |
| 4 | 12/22/2022 | 1. Failure to attend intake and assessment at CSFC on April 15, 2022 and August 29, 2022;<br>2. Failed to pay fine and court costs;<br>3. Failed to report to probation monthly in person; last reported 5/15/23 by phone. |

| | | Defendant was counseled several times by probation officer and on 11/29/22 Probation conducted a home visit and again counseled Defendant about his conditions. |
|---|---|---|
| 5 | 8/7/2023 | 1. Failure to attend intake and assessment at CSFC on April 15, 2022 and August 29, 2022; 2. Failed to pay fine and court costs; 3. Failed to report to probation monthly in person; last reported 5/15/23 by phone. |
| 6 | 12/5/2023 | Failure to report to probation as ordered by the Court on 11/28/23; failed to report since 5/15/2023. |

The Court takes judicial notice of the fact that Defendant's probation was revoked in CM0137-21 and CF0513-21 on March 17, 2025. *Decision and Order Re. People's Motion to Revoke Def's Probation* (Mar. 17, 2025); *Judgment of Conviction (Revocation of Probation)*(Mar. 17, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a

violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id*. At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id*. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**1. The Court determines that a violation of probation has occurred.**

Pursuant to the first *Camacho* prong, the Court finds that there is no factual dispute that Defendant has violated several conditions of his probation. Defendant has failed to comply with his monthly reporting requirements, reporting to CSFC for intake and assessment despite CSFC giving him several appointment dates, and failing to make progress toward satisfying his community service and paying fines and court costs. The Defendant was charged with a new offenses while on probation and has been convicted of crimes subsequent to his probation in this case. His probation was also revoked in those cases and, upon information and belief, Defendant continues to serve his term of incarceration at this time. For these reasons, the Court determines that the first *Camacho* prong is satisfied.

**2. The Court determines that revocation of probation is warranted.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2).

Upon review of the record, the Court finds a history of Defendant's non-compliance with the conditions set by this Court and pursuant to the Plea Agreement which he agreed to follow. Since entering probation, the Defendant has consistently failed to report to Probation and to comply with his conditions, despite counseling by this court and his probation officer, and a home visit from his Probation Officer. This Court has also had to issue a warrant for his arrest to return him to compliance. The Defendant has not made any progress toward completing his community service hours nor has he made progress on paying his court costs. The Defendant has failed to report to CSFC for intake and processing, which would have availed the Defendant any necessary treatment services. The Defendant was also convicted of new offenses and is currently serving time of incarceration in those cases, following revocation of his probation in those cases. .

Therefore, pursuant to the second *Camacho* prong and 9 GCA §§ 80.66(a)(2), the Court finds that revocation of probation is appropriate in the interest of justice and the protection of the public.

**DENIAL OF MOTION TO MOVE DEFENDANT TO GBHWC ANNEX**

Defendant also seeks an order of this Court mandating that he be housed at GBHWC Annex (Post 7) at DOC in order to receive treatment while he is incarcerated. *Mot. to Be Moved to Post Seven* (July 18, 2025). On August 8, 2025, the Court heard the Motion and issued an Order After Hearing Re. Intake and Referral for Assessment by GBHWC Annex at DOC (Aug.

14, 2025)(the "OAH"). The OAH mandated that DOC refer Defendant to GBHWC staff at DOC for an intake and assessment "for transfer to the Annex pursuant to GBHWC's Psychological Evaluation on June 13, 2025," and, further that "in the event Defendant is deemed appropriate for transfer to Post 7, he shall be immediately transferred to the Unit without further order of this Court." *OAH* at pp. 1, 2. Following several requests for extension of time to complete the evaluations, on January 6, 2026, GBHWC submitted its evaluation and recommendations, opining as follows:

1. Defendant does not meet criteria for acute crisis stabilization at the GBHWC Annex while incarcerated at DOC;
2. Defendant is recommended a comprehensive medical examination, neurological assessment, Drug and Alcohol assessment to determine level of care;
3. Drug and Alcohol residential treatment is recommended.

*Evaluation dated Jan. 6, 2026.*

Based upon the recommendations set forth in the Evaluation, the Court denies Defendant's Motion to be moved to Post 7, the GBHWC Annex at DOC, for further treatment. Because Defendant's probation has been revoked by this Court, Defendant may avail of treatment once he has served his term of incarceration, or upon release on Parole and as ordered by the Parole Board/Parole Services Division as a component of his after-care requirements.

//

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence and **DENIES** Defendant's Motion to move him to Post 7, which is intended for acute mental health crisis stabilization and treatment, not long term residential drug and alcohol treatment.

The Court shall issue a Judgment of Revocation under separate cover.

SO ORDERED this 4th day of May, 2026.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

acknowledge that an electronic
Copy of the original was e mailed to

_Ao's W. Pole_

MAY 0 4 2026 Time. 4:12
Date
Evan L. Topasna
Deputy clerk, Superior Court of Guam